# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MONRELL D. MURPHY,<br><br>　　　　Petitioner,<br><br>　　v.<br><br>RALPH DIAZ,<br><br>　　　　Respondent. | Case No. 1:20-cv-01300-SAB-HC<br><br>FINDINGS AND RECOMMENDATION TO DENY PETITIONER'S APPLICATION TO PROCEED IN FORMA PAUPERIS<br><br>(ECF No. 2)<br><br>ORDER DIRECTING CLERK OF COURT TO RANDOMLY ASSIGN DISTRICT JUDGE |

Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

## I.
## BACKGROUND

On September 3, 2020, Petitioner commenced the instant proceeding by filing a petition for writ of habeas corpus in the Sacramento Division of the United States District Court for the Eastern District of California. (ECF No. 1). On September 11, 2020, the petition was transferred to this Court. (ECF No. 4). Currently before the Court is Petitioner's application to proceed *in forma pauperis*. (ECF No. 2).

## II.
## DISCUSSION

Title 28, United States Code, § 1915(a)(1) permits a plaintiff to bring a civil action "without prepayment of fees or security thereof" if the plaintiff submits a financial affidavit that

1

demonstrates the plaintiff "is unable to pay such fees or give security therefor." A prisoner seeking to bring a civil action must, in addition to filing an affidavit, "submit a certified copy of the trust fund account statement . . . for the 6-month period immediately preceding the filing of the complaint . . . obtained from the appropriate official of each prison at which the prisoner is or was confined." 28 U.S.C. § 1915(a)(2).

Here, Petitioner has filed an application declaring that, due to his poverty, he is unable to pre-pay the full amount of fees and costs for these proceedings or give security therefor, and that he believes that he is entitled to the relief sought in his petition. Petitioner also submitted a certified copy of Petitioner's inmate trust account statement showing the activity in Petitioner's account for the previous six months.

Petitioner's certified inmate account statement indicates that he currently has an available sum of $104.30 on account to his credit at the California Correctional Institution. Further, the average monthly balance of Petitioner's account is $181.70, and during the past six months the average monthly deposits to Petitioner's account is $168.39. (ECF No. 2).

Based on the foregoing, the information that Petitioner has provided to the Court reflects that he is financially able to pre-pay the entire filing fee to commence this action. Although the Ninth Circuit Court of Appeals has held that "the filing fee … should not take the prisoner's last dollar," Olivares v. Marshall, 59 F.3d 109, 112 (9th Cir. 1995), in these circumstances, Petitioner has enough funds to prepay the $5.00 filing fee and have money left over.

Should Petitioner have additional information to provide the Court, or should his available balance change by the time he receives this order, he may notify the Court. However, the Court has the authority to consider any reasons and circumstances for any change in Petitioner's available assets and funds. See Collier v. Tatum, 722 F.2d 653, 656 (11th Cir. 1983) (district court may consider an unexplained decrease in an inmate's trust account, or whether an inmate's account has been depleted intentionally to avoid court costs).

Therefore, Petitioner's application to proceed *in forma pauperis* should be denied. If Petitioner wishes to proceed with this action, Petitioner must pre-pay the $5.00 filing fee in full.

///

## III.

## RECOMMENDATION & ORDER

Accordingly, the undersigned HEREBY RECOMMENDS that Petitioner's application to proceed *in forma pauperis* (ECF No. 2) be DENIED.

Further, the Clerk of Court is DIRECTED to randomly ASSIGN this action to a District Judge.

This Findings and Recommendation is submitted to the assigned United States District Court Judge, pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within **TWENTY-ONE (21) days** after service of the Findings and Recommendation, Petitioner may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." The assigned District Judge will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636(b)(1)(C). Petitioner is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Wilkerson v. Wheeler, 772 F.3d 834, 839 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **September 14, 2020**

UNITED STATES MAGISTRATE JUDGE