# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MONRELL D. MURPHY,<br><br>    Petitioner,<br><br>    v.<br><br>RALPH DIAZ,<br><br>    Respondent. | Case No. 1:20-cv-01300-DAD-SAB-HC<br><br>FINDINGS AND RECOMMENDATION TO DENY PETITIONER'S SECOND APPLICATION TO PROCEED *IN FORMA PAUPERIS*<br><br>(ECF No. 12) |

Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

## I.

## BACKGROUND

On September 3, 2020, Petitioner commenced the instant proceeding by filing a petition for writ of habeas corpus in the Sacramento Division of the United States District Court for the Eastern District of California. (ECF No. 1). On September 11, 2020, the petition was transferred to this Court. (ECF No. 4).

On September 15, 2020, the undersigned issued findings and recommendation to deny Petitioner's application to proceed *in forma pauperis*. (ECF No. 7). The undersigned found that Petitioner was financially able to pre-pay the entire $5.00 filing fee to commence this habeas action because "Petitioner's certified inmate account statement indicates that he currently has an

1

available sum of $104.30 on account to his credit at the California Correctional Institution. Further, the average monthly balance of Petitioner's account is $181.70, and during the past six months the average monthly deposits to Petitioner's account is $168.39." (ECF No. 7 at 2).[1] The findings and recommendation also stated that Petitioner may notify the Court "[s]hould Petitioner have additional information to provide the Court, or should his available balance change by the time he receives this order." (Id.).

The findings and recommendation was served on Petitioner and contained notice that any objections were to be filed within twenty-one days of the date of service of the findings and recommendation. (ECF No. 7 at 3). On October 16, 2020, the Court extended the deadline to file objections to the findings and recommendation to November 8, 2020. (ECF No. 11). On October 25, 2020, the Court received Petitioner's second application to proceed *in forma pauperis*. (ECF No. 12). On November 13, 2020, the Court received Petitioner's explanation in support of his second application to proceed *in forma pauperis* in response to the Court's order. (ECF Nos. 13, 14).

## II.

## DISCUSSION

Title 28, United States Code, § 1915(a)(1) permits a plaintiff to bring a civil action "without prepayment of fees or security thereof" if the plaintiff submits a financial affidavit that demonstrates the plaintiff "is unable to pay such fees or give security therefor." A prisoner seeking to bring a civil action must, in addition to filing an affidavit, "submit a certified copy of the trust fund account statement . . . for the 6-month period immediately preceding the filing of the complaint . . . obtained from the appropriate official of each prison at which the prisoner is or was confined." 28 U.S.C. § 1915(a)(2).

Here, Petitioner has filed an application declaring that, due to his poverty, he is unable to pre-pay the full amount of fees and costs for these proceedings or give security therefor, and that he believes that he is entitled to the relief sought in his petition. Petitioner also submitted a

---

[1] Page numbers refer to ECF page numbers stamped at the top of the page.

certified copy of Petitioner's inmate trust account statement showing the activity in Petitioner's account for the previous six months.

Petitioner's second application to proceed *in forma pauperis* reflects that Petitioner had $0 in his account on October 19, 2020, despite an average monthly balance of $216.76 and average monthly deposits of $150.08 during the past six months. (ECF No. 12 at 2). The Court notes that on September 15, 2020, when the previous findings and recommendation was issued, Petitioner's account contained $73.43. (Id. at 6). Despite multiple $100 and $250 deposits being made to Petitioner's account during May through August, there have been no further deposits since August 14, 2020. (Id. at 4–6). Additionally, despite only having two "sales" expenses of $9.95 on May 13, 2020 and $6 on July 15, 2020, there was a "sales" expense of $44.48 on October 13, 2020 when Petitioner had an account balance of $45.27, effectively depleting his account. (Id.).

As noted in the previous findings and recommendation, "the Court has the authority to consider any reasons and circumstances for any change in Petitioner's available assets and funds. See Collier v. Tatum, 722 F.2d 653, 656 (11th Cir. 1983) (district court may consider an unexplained decrease in an inmate's trust account, or whether an inmate's account has been depleted intentionally to avoid court costs)." (ECF No. 7 at 2). As set forth above, from the face of the second application to proceed *in forma pauperis* and Petitioner's trust account statement, there is an unexplained stop in deposits and what appears to be an intentional depletion of funds.

In Petitioner's explanation in support of the second application to proceed *in forma pauperis*, Petitioner states that he has no control over when prison officials actually withdraw funds from his trust account to pay for his multiple filing fees. Petitioner also states that he attempted to withdraw the $5.00 filing fee from his account but was barred because he required the signature of the prison law librarian and he has been unable to access to the law library due to COVID-19 restrictions. (ECF No. 14 at 1, 3). Petitioner explains that the sales expense was for "the purchase of life necessities," including food and hygiene items, and that this order was placed before Petitioner knew his attempt to withdraw the filing fee had failed. (Id. at 3).

///

It appears that Petitioner did attempt to withdraw a $5.00 filing fee, but the request was canceled because Petitioner did not have the correct approval signature on the form. (ECF No. 10 at 3). However, Petitioner's explanation does not address the stop in deposits. Additionally, although Petitioner states that the October 13, 2020 sales expense of $44.48 that effectively depleted his account was an innocent purchase of food and hygiene items, the Court is skeptical of this explanation given that in the past six months Petitioner only had two other sales expenses of $9.95 and $6.

Accordingly, the undersigned recommends that Petitioner's second application to proceed *in forma pauperis* be denied. If Petitioner wishes to proceed with this action, Petitioner must pre-pay the $5.00 filing fee in full.

## III.

## RECOMMENDATION & ORDER

Based on the foregoing, the undersigned HEREBY RECOMMENDS that:

1. Petitioner's second application to proceed *in forma pauperis* (ECF No. 12) be DENIED; and

2. Petitioner be granted forty-five (45) days to pay the $5.00 filing fee.[2]

This Findings and Recommendation is submitted to the assigned United States District Court Judge, pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within **FOURTEEN (14) days** after service of the Findings and Recommendation, Petitioner may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." The assigned District Judge will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636(b)(1)(C). Petitioner is advised that failure to file objections within the specified time may

---

[2] Petitioner "consent[s] to the $5.00 filing fee be[ing] directly withdrawn from his prison trust account as all other court fees are currently being withdrawn." (ECF No. 14 at 2). However, as Petitioner has not been granted *in forma pauperis* status, the process set forth in 28 U.S.C. § 1915(b) for the prisoner's custodian to forward payments from the prisoner's account to the clerk of court is not available. Accordingly, Petitioner will be responsible for withdrawing the filing fee from his account. If Petitioner pays the $5.00 filing fee before the objection period closes, the Court will vacate the findings and recommendation and proceed with the case.

waive the right to appeal the District Court's order. <u>Wilkerson v. Wheeler</u>, 772 F.3d 834, 839 (9th Cir. 2014) (citing <u>Baxter v. Sullivan</u>, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **November 19, 2020**

_____
UNITED STATES MAGISTRATE JUDGE

5