# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MONRELL D. MURPHY,<br><br>    Petitioner,<br><br>    v.<br><br>RALPH DIAZ,<br><br>    Respondent. | Case No. 1:20-cv-01300-DAD-SAB-HC<br><br>FINDINGS AND RECOMMENDATION RECOMMENDING DENIAL OF PETITION FOR WRIT OF HABEAS CORPUS |

Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

## I.

## BACKGROUND

Petitioner currently is in the custody of the California Department of Corrections and Rehabilitation ("CDCR") at the California Correctional Institute, serving an eight-year sentence after being convicted of two counts of robbery. (ECF No. 1 at 1).[1]

The events at issue in the petition occurred at Mule Creek State Prison. (ECF No. 19 at 48). On March 15, 2019, Inmate Treadwell arrived from Receiving and Release ("R&R") and was assigned to a cell occupied by Petitioner. Upon arrival to the assigned cell, Treadwell was informed by Petitioner that Petitioner would not take a cell mate and the door was immediately

---

[1] Page numbers refer to the ECF page numbers stamped at the top of the page.

1

closed. Officer P. Betinis informed Petitioner that he and Treadwell were compatible to be housed together. Petitioner refused to speak any further regarding the matter and sat on his bunk. Betinis then spent approximately fifteen minutes to rehouse Treadwell. Betinis informed Petitioner that his refusal to accept a cell mate caused delay in the performance of Betinis's normal duties and that Petitioner would be receiving disciplinary action if Petitioner did not comply. In response, Petitioner stated, "Ok." (ECF No. 19 at 53).

Petitioner was charged with refusing to accept assigned housing/delaying a peace officer in Rules Violation Report ("RVR") Log No. 6688749, and a disciplinary hearing was held on May 2, 2019. (ECF No. 19 at 48). Petitioner pleaded not guilty and stated, "I never refused housing." (Id. at 52). Petitioner requested to call J. Doman, a psychologist, as a witness. The Senior Hearing Officer ("SHO") denied Petitioner's request to call J. Doman. (Id. at 51–52). The SHO found Petitioner guilty. Petitioner was assessed a penalty of, *inter alia*, the loss of ninety days of credit. (Id. at 53).

After administratively appealing the decision, Petitioner filed a petition for writ of habeas corpus in the Sacramento County Superior Court, which denied the petition on January 28, 2020. (ECF No. 1 at 6; ECF No. 19 at 60–87). Thereafter, Petitioner filed a habeas petition in the California Supreme Court, which denied the petition on April 15, 2020. (ECF No. 1 at 6; ECF No. 19 at 9–58).

On September 3, 2020, Petitioner filed the instant federal petition for writ of habeas corpus. (ECF No. 1). In the petition, Petitioner asserts a violation of due process because he was denied the right to call J. Doman as a witness. (Id. at 5). Respondent filed an answer, and Petitioner filed a traverse.[2] (ECF Nos. 19, 20).

///

---

[2] The Court notes that in the introduction of the traverse, Petitioner identifies the correct RVR. (ECF No. 20 at 1). However, the argument portion of the traverse discusses issues and claims not raised in the original petition. (Id. at 2–3). Petitioner currently has another habeas petition pending in Murphy v. Diaz, No. 2:20-cv-01013-TLN-CKD in the Sacramento Division of the United States District Court for the Eastern District of California. See United States v. Wilson, 631 F.2d 118, 119 (9th Cir. 1980) (a court may take judicial notice of its own records in other cases). The traverse filed in the Sacramento case contains arguments pertinent to the claims raised in the instant habeas proceeding. Reply at 2–3, Murphy, No. 2:20-cv-01013-TLN-CKD (E.D. Cal. Feb. 22, 2021), ECF No. 20. In the interest of justice, the Court has considered both the traverse filed in this proceeding and the one filed in the Sacramento case.

## II.

## STANDARD OF REVIEW

Relief by way of a petition for writ of habeas corpus extends to a person in custody pursuant to the judgment of a state court if the custody is in violation of the Constitution or laws or treaties of the United States. 28 U.S.C. § 2254(a); 28 U.S.C. § 2241(c)(3); Williams v. Taylor, 529 U.S. 362, 375 (2000). Petitioner asserts that he suffered violations of his rights as guaranteed by the U.S. Constitution. Petitioner is currently confined at California Correctional Institute, which is located within the Eastern District of California. 28 U.S.C. § 2241(d).

On April 24, 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), which applies to all petitions for writ of habeas corpus filed after its enactment. Lindh v. Murphy, 521 U.S. 320 (1997); Jeffries v. Wood, 114 F.3d 1484, 1499 (9th Cir. 1997) (en banc). The instant petition was filed after the enactment of AEDPA and is therefore governed by its provisions.

Under AEDPA, relitigation of any claim adjudicated on the merits in state court is barred unless a petitioner can show that the state court's adjudication of his claim:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d); Harrington v. Richter, 562 U.S. 86, 97–98 (2011); Lockyer v. Andrade, 538 U.S. 63, 70–71 (2003); Williams, 529 U.S. at 413.

As a threshold matter, this Court must "first decide what constitutes 'clearly established Federal law, as determined by the Supreme Court of the United States.'" Lockyer, 538 U.S. at 71 (quoting 28 U.S.C. § 2254(d)(1)). In ascertaining what is "clearly established Federal law," this Court must look to the "holdings, as opposed to the dicta, of [the Supreme Court's] decisions as of the time of the relevant state-court decision." Williams, 529 U.S. at 412. "In other words, 'clearly established Federal law' under § 2254(d)(1) is the governing legal principle or principles set forth by the Supreme Court at the time the state court renders its decision." Id. In addition,

the Supreme Court decision must "'squarely address [] the issue in th[e] case' or establish a legal principle that 'clearly extend[s]' to a new context to the extent required by the Supreme Court in . . . recent decisions"; otherwise, there is no clearly established Federal law for purposes of review under AEDPA. Moses v. Payne, 555 F.3d 742, 754 (9th Cir. 2009) (quoting Wright v. Van Patten, 552 U.S. 120, 125 (2008)); Panetti v. Quarterman, 551 U.S. 930 (2007); Carey v. Musladin, 549 U.S. 70 (2006). If no clearly established Federal law exists, the inquiry is at an end and the Court must defer to the state court's decision. Musladin, 549 U.S. 70; Wright, 552 U.S. at 126; Moses, 555 F.3d at 760.

If the Court determines there is governing clearly established Federal law, the Court must then consider whether the state court's decision was "contrary to, or involved an unreasonable application of, [the] clearly established Federal law." Lockyer, 538 U.S. at 72 (quoting 28 U.S.C. § 2254(d)(1)). "Under the 'contrary to' clause, a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law or if the state court decides a case differently than [the] Court has on a set of materially indistinguishable facts." Williams, 529 U.S. at 412–13; see also Lockyer, 538 U.S. at 72. "The word 'contrary' is commonly understood to mean 'diametrically different,' 'opposite in character or nature,' or 'mutually opposed.'" Williams, 529 U.S. at 405 (quoting Webster's Third New International Dictionary 495 (1976)). "A state-court decision will certainly be contrary to [Supreme Court] clearly established precedent if the state court applies a rule that contradicts the governing law set forth in [Supreme Court] cases." Id. If the state court decision is "contrary to" clearly established Supreme Court precedent, the state decision is reviewed under the pre-AEDPA de novo standard. Frantz v. Hazey, 533 F.3d 724, 735 (9th Cir. 2008) (en banc).

"Under the 'reasonable application clause,' a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from [the] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." Williams, 529 U.S. at 413. "[A] federal court may not issue the writ simply because the court concludes in its independent judgment that the relevant state court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable." Id. at 411; see also Lockyer,

538 U.S. at 75–76. The writ may issue only "where there is no possibility fair minded jurists could disagree that the state court's decision conflicts with [the Supreme Court's] precedents." Richter, 562 U.S. at 102. In other words, so long as fair minded jurists could disagree on the correctness of the state court's decision, the decision cannot be considered unreasonable. Id. If the Court determines that the state court decision is objectively unreasonable, and the error is not structural, habeas relief is nonetheless unavailable unless the error had a substantial and injurious effect on the verdict. Brecht v. Abrahamson, 507 U.S. 619, 637 (1993).

The Court looks to the last reasoned state court decision as the basis for the state court judgment. Wilson v. Sellers, 138 S. Ct. 1188, 1192 (2018); Stanley v. Cullen, 633 F.3d 852, 859 (9th Cir. 2011). If the last reasoned state court decision adopts or substantially incorporates the reasoning from a previous state court decision, this Court may consider both decisions to ascertain the reasoning of the last decision. Edwards v. Lamarque, 475 F.3d 1121, 1126 (9th Cir. 2007) (en banc). "When a federal claim has been presented to a state court and the state court has denied relief, it may be presumed that the state court adjudicated the claim on the merits in the absence of any indication or state-law procedural principles to the contrary." Richter, 562 U.S. at 99. This presumption may be overcome by a showing "there is reason to think some other explanation for the state court's decision is more likely." Id. at 99–100 (citing Ylst v. Nunnemaker, 501 U.S. 797, 803 (1991)).

Where the state courts reach a decision on the merits but there is no reasoned decision, a federal habeas court independently reviews the record to determine whether habeas corpus relief is available under § 2254(d). Stanley, 633 F.3d at 860; Himes v. Thompson, 336 F.3d 848, 853 (9th Cir. 2003). "Independent review of the record is not de novo review of the constitutional issue, but rather, the only method by which we can determine whether a silent state court decision is objectively unreasonable." Himes, 336 F.3d at 853. While the federal court cannot analyze just what the state court did when it issued a summary denial, the federal court must review the state court record to determine whether there was any "reasonable basis for the state court to deny relief." Richter, 562 U.S. at 98. This Court "must determine what arguments or theories . . . could have supported, the state court's decision; and then it must ask whether it is

possible fairminded jurists could disagree that those arguments or theories are inconsistent with the holding in a prior decision of [the Supreme] Court." Id. at 102.

### III.

### REVIEW OF CLAIM

In his sole claim for relief, Petitioner asserts a violation of due process because he was denied the right to call J. Doman as a witness at Petitioner's disciplinary hearing. (ECF No. 1 at 5). Respondent argues that relief is not warranted because Petitioner "fails to establish that the state court decisions denying his claim are contrary to, or involved an unreasonable application of, clearly established federal law as determined by the United States Supreme Court, or were cased on an unreasonable determination of the facts." (ECF No. 19 at 4).

Petitioner's claim was raised in his state habeas petition filed in the Sacramento County Superior Court, which denied the claim in a reasoned opinion. (ECF No. 19 at 62, 84–87). The claim was also raised in Petitioner's state habeas petition filed in the California Supreme Court, which summarily denied the petition. (ECF No. 19 at 11; ECF No. 1 at 7). As federal courts review the last reasoned state court opinion, the Court will "look through" the California Supreme Court's summary denial and examine the decision of the California Court of Appeal. See Wilson, 138 S. Ct at 1192.

In denying Petitioner's due process claim, the Sacramento County Superior Court stated:

> In the summary of the disciplinary hearing results it is stated the Senior Hearing Officer ("SHO") denied petitioner's witness request because the witness had no relevant information. The SHO stated the witness was not present at the time of the incident; therefore, he could not provide factual evidence to confirm or refute whether petitioner refused housing on the day of the incident. Petitioner maintains his defense centered on evidence of his mental disorder, Post-Traumatic Stress Disorder ("PTSD"), and he intended to rely on this evidence to explain his behavior. Although not permitted to call Dornan as a witness, a Mental Health Assessment by Dornan was submitted. The assessment indicated petitioner's mental illness did not play a role in his alleged actions on the day of the offense. Doman went on to state "although he is being treated for the disorder (PTSD), there is no indication that his symptoms would have prevented him from complying with officers or talking to officers about the issue prior to refusing a cellmate." The report was reviewed at the time of the hearing. Petitioner was found guilty and assessed 90 days custody credits. Petitioner filed appropriate administrative appeals. His appeals were denied.
>
> . . .

> *b. Right to Call Witnesses*
>
> A defendant's due process right to call witnesses at a disciplinary hearing was recognized in *Wolff v. McDonnell* (1974) 418 U.S. 539. The court held that an "inmate facing disciplinary proceedings should be allowed to call witnesses and present documentary evidence in his defense when permitting him to do so will not be unduly hazardous to institutional safety or correctional goals." (*Id.* at 566.) Eleven years later, the Supreme Court again addressed a prisoner's rights at a disciplinary hearing in *Superintendent, Massachusetts Correctional Institution v. Hill,* supra, 472 U.S. 445 (*Hill*).
>
> In *Hill,* the court reaffirmed that where a disciplinary hearing may result in the loss of good time credits the inmate must receive an opportunity, "when consistent with institutional safety and correctional goals, to call witnesses and present documentary evidence in his defense . . . ." (*Id.* at 454.) The court, however, also recognized "the requirements of due process are flexible and depend on a balancing of the interests affected by the relevant government action." (*Id.*) So, although an inmate has a strong interest in assuring that the loss of credits is not imposed arbitrarily, "this interest [] must be accommodated in the distinctive setting of a prison, where disciplinary proceedings" take place in a closed, tightly controlled environment peopled by those who have chosen to violate the criminal law and who have been lawfully incarcerated for doing so.' [Citation.] Consequently, in identifying the safeguards required by due process, the Court has recognized the legitimate institutional needs of assuring the safety of inmates and prisoners, avoiding burdensome administrative requirements that might be susceptible to manipulation, and preserving the disciplinary process as **a** means of rehabilitation. [Citations.]" (*Id.* at 454–455.)
>
> *IV. Discussion*
>
> The Court finds the SHO properly denied petitioner's request for Doman to testify. It is important to start by noting there is no indication in the petition or supporting documents that Doman would have been a "friendly" witness. In other words, it does not appear Doman would have added any testimony that would have undermined the finding of the SHO. Further, Doman's opinion regarding the impact of petitioner's mental disorder on his behavior was documented and considered by the SHO. It is also important that Doman's testimony, as pointed out by the SHO, would not have gone to what happened on the date of the incident, but rather *why* it happened. Given that a mental disorder is not a defense to the allegation in the RVR, evidence of petitioner's PTSD would not have been relevant to the hearing.
>
> The Court finds petitioner's due process rights were not violated by the denial of his request for Doman as a witness. This finding is supported by the Supreme Court's guidance that the due process clause does not place on prison officials unnecessarily burdensome administrative requirements, such as allowing witnesses at a disciplinary hearing that did not observe the conduct in question.

(ECF No. 19 at 84–87).

"When protected interests are implicated, the right to some kind of prior hearing is paramount . . . ." Neal v. Shimoda, 131 F.3d 818, 830 (9th Cir. 1997) (quoting Board of Regents of State Colleges v. Roth, 408 U.S. 564, 569–70 (1972)). However, "[p]rison disciplinary

proceedings are not part of a criminal prosecution, and the full panoply of rights due a defendant in such proceedings does not apply." Wolff v. McDonnell, 418 U.S. 539, 556 (1974). With respect to prison disciplinary proceedings, the minimum procedural requirements that must be met are: (1) written notice of the charges; (2) at least 24 hours between the time the prisoner receives written notice and the time of the hearing, so that the prisoner may prepare his defense; (3) a written statement by the fact finders of the evidence they rely on and reasons for taking disciplinary action; (4) the right of the prisoner to call witnesses in his defense, when permitting him to do so would not be unduly hazardous to institutional safety or correctional goals; and (5) assistance to the prisoner where the prisoner is illiterate or the issues presented are legally complex. Id. at 563–71. As long as the five minimum Wolff requirements are met, due process has been satisfied. Walker v. Sumner, 14 F.3d 1415, 1420 (9th Cir. 1994), abrogated on other grounds by Sandin v. Connor, 515 U.S. 472 (1995). In addition, "some evidence" must support the decision of the hearing officer, Superintendent v. Hill, 472 U.S. 445, 455 (1985), and the evidence must have some indicia of reliability, Cato v. Rushen, 824 F.2d 703, 705 (9th Cir. 1987). The "some evidence" standard is not particularly stringent, and the relevant inquiry is whether "there is any evidence in the record that could support the conclusion reached . . . ." Hill, 472 U.S. at 455–56.

Regarding witnesses in a prison disciplinary hearing, the Supreme Court has stated:

> Prison officials must have the necessary discretion to keep the hearing within reasonable limits and to refuse to call witnesses that may create a risk of reprisal or undermine authority . . . . Although we do not prescribe it, it would be useful for the [prison officials] to state [their] reasons for refusing to call a witness, *whether it be for irrelevance, lack of necessity*, or the hazards presented in individual cases.

Wolff, 418 U.S. at 566 (emphasis added). Thus, Wolff recognized that a request for witnesses may be properly denied when the anticipated testimony is not relevant or necessary to the matter in controversy. See Sandin v. Conner, 515 U.S. 472, 491 (1995) (Ginsburg, J., dissenting) ("[A] call for witnesses is properly refused when the projected testimony is not relevant to the matter in controversy."); Davis v. Penzone, 795 F. App'x 1008, 1009 (9th Cir. 2020).

///

Here, Petitioner requested to call J. Doman as a witness to testify regarding Petitioner's mental health as a defense to the charge. (ECF No. 1 at 5; ECF No. 19 at 51). In denying Petitioner's request, the SHO wrote:

> The SHO determines that the witness has no relevant information because the witness was not there at the time of the incident. The witness completed the RVR Mental Health Assessment and could not provide factual evidence to confirm or refute whether the subject refused housing on the day of the incident.

(ECF No. 19 at 52).

The state court reasonably determined that Doman's testimony would be unnecessary and cumulative given that Doman's opinion regarding the impact of Petitioner's mental health on Petitioner's behavior was documented in the RVR Mental Health Assessment, which was considered by the SHO. The state court also reasonably determined that Doman could not provide relevant testimony regarding what occurred at the time of the incident given that Doman was not present. Based on the foregoing, the state court's denial of relief was not contrary to, or an unreasonable application of, clearly established federal law, nor was it based on an unreasonable determination of fact. The state court's decision was not "so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." Richter, 562 U.S. at 103. Accordingly, Petitioner is not entitled to habeas relief, and the petition should be denied.

## IV.

## RECOMMENDATION

Based on the foregoing, the undersigned HEREBY RECOMMENDS that the petition for writ of habeas corpus be DENIED.

This Findings and Recommendation is submitted to the assigned United States District Court Judge, pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within **THIRTY (30) days** after service of the Findings and Recommendation, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." Replies to the

9

objections shall be served and filed within fourteen (14) days after service of the objections. The assigned District Judge will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636(b)(1)(C). The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. <u>Wilkerson v. Wheeler</u>, 772 F.3d 834, 839 (9th Cir. 2014) (citing <u>Baxter v. Sullivan</u>, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: __**May 19, 2021**__

UNITED STATES MAGISTRATE JUDGE